IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**MARCOS ALONSO CASTILLO-BERNAL**,<br><br>Defendant. | Case No. 3:19-cr-00489-IM<br><br>**OPINION AND ORDER** |

Natalie K. Wight, William M. Narus, Sarah Barr, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Thomas K. Coan, 1050 SW Fifth Avenue, Suite 1414, Portland, OR 97204. Patrick John Sweeney, 549 SE Ladd Avenue, Portland, OR 97214. Attorneys for Defendant.

**IMMERGUT, District Judge.**

## INTRODUCTION

Defendant Marcos Alonso Castillo-Bernal is charged in a superseding indictment with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and (viii), 843(b), and 846, conspiracy to possess with intent to distribute and to distribute controlled substances and to use a communication facility (Count One); 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, killing while engaged in drug trafficking (Count Two); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), distribution of heroin (Count Three); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), distribution of

PAGE 1 – OPINION AND ORDER

methamphetamine (Counts Four and Five); 18 U.S.C. §§ 1201(a)(1) and 2, kidnapping resulting in death (Count Six); 18 U.S.C. §§ 1201(a)(1) and (c), conspiracy to commit kidnapping resulting in death (Count Seven); 18 U.S.C. §§ 1203(a) and 2, hostage taking resulting in death (Count Eight); 18 U.S.C. § 1203(a), conspiracy to commit hostage taking resulting in death (Count Nine); 18 U.S.C. § 922(g)(1), felon in possession of a firearm (Count Ten); 18 U.S.C. § 1546(a), fraud and misuse of a visa (Count Eleven). ECF 32. The superseding indictment also contains four forfeiture allegations. *Id.* All of the conduct alleged in the superseding indictment occurred between April and October of 2019. *Id.*

Before this Court is Defendant's Motion for Recusal brought under 28 U.S.C. § 455(a) and (b)(3). ECF 51. In his motion, Defendant argues two grounds for recusal. First, Defendant was convicted of a prior offense in 2006 during my tenure as U.S. Attorney. *Id*. at 3. Defendant argues recusal is required because the 2006 conviction is pled as a predicate conviction to Count Ten of the superseding indictment, and is also being used to subject Defendant to increased punishment under U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. *Id.* at 3–5. Second, Defendant contends that recusal is required because the facts and circumstances of this case would lead a reasonable person to question my impartiality. *Id*. at 5–10.

The Government opposes recusal. The Government argues that recusal is not warranted because I need not make factual findings about Defendant's prior 2006 conviction for purposes of the present case. ECF 54 at 4. The Government also argues that recusal is not required because the prior conviction occurred sixteen years ago, was a routine drug trafficking case that resolved on a plea agreement, and has no relevancy to the present case beyond the fact of its existence. *Id*. at 5–6. For the reasons stated on the record and for the following reasons, Defendant's Motion for Recusal is DENIED.

PAGE 2 – OPINION AND ORDER

## BACKGROUND

### A. The Present Case

Defendant was indicted in the present case on October 18, 2019. ECF 1. A superseding indictment was issued on December 15, 2021. ECF 32. Count Ten of the superseding indictment charges Defendant with unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *Id.* at 8. The conduct alleged in Count Ten occurred on or about October 12, 2019. As a predicate offense, Count Ten lists two prior felony convictions: a June 26, 2006 federal conviction for distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and an April 8, 2011 federal conviction for illegal reentry in violation of 8 U.S.C. § 1326. *Id*. The June 26, 2006 federal conviction occurred after a guilty plea and sentencing during my tenure as U.S. Attorney. My tenure as U.S. Attorney began in October 2003 and ended over thirteen years ago in July 2009. Defendant's recusal motion comes nearly three years after his case was assigned to me. ECF 5.

### B. The Prior 2006 Conviction

On May 25, 2005, Defendant was indicted for violating 21 U.S.C. § 841(a)(1). *United States v. Verdin-Lopez*, No. 3:05-cr-00220, ECF 1.[1] The investigation and indictment occurred during my tenure as U.S. Attorney. Defendant entered a guilty plea on April 10, 2006. *Id.* at ECF 16. Defendant was sentenced to a 30-month prison term on June 26, 2006. *Id.* at ECF 20. I was not personally involved in the earlier prosecution and have no recollection of the Defendant or the case.

---

[1] The Defendant, known as Marcos Alonso Castillo-Bernal in the present case, was indicted under another known name in the 2006 case: Daniel Alonso Verdin-Lopez. *United States v. Verdin-Lopez*, No. 3:05-cr-00220, ECF 1.

## LEGAL STANDARDS

Section 455 of Title 28 of the United States Code provides in pertinent part as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> …
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

### A. Recusal Under 28 U.S.C. § 455(a)

28 U.S.C. § 455(a) requires a judge to recuse herself to avoid the appearance of partiality. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The test for disqualification under § 455(a) is an objective one. *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). A judge must ask herself "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (internal citation and quotation marks omitted).

### B. Recusal Under 28 U.S.C. § 455(b)

28 U.S.C. § 455(b) requires a judge to "determine whether [she] can be truly impartial when trying the case." *Id.* at 915. The test for disqualification under § 455(b) is a subjective one—it is a test for "actual bias." *Id.* "If the judge feels [she] cannot hear the case without bias . . . then the judge has a duty to recuse [herself] irrespective of how it looks to the public." *Id.*

28 U.S.C. § 455(a) and (b)(3) "impute[] to the United States Attorney the knowledge and acts of [her] assistants." *United States v. Arnpriester*, 37 F.3d 466, 467 (9th Cir. 1994). The result of such "vertical imputation" is that a judge "cannot adjudicate a case that he or she as United States Attorney [or her assistants] began." *Id.* The Ninth Circuit has also suggested that a judge need only recuse herself when the case before her is the same case, related to the same case, or shares a common event with a case prosecuted during the judge's tenure as U.S. Attorney. *See United States v. Silver*, 245 F.3d 1075, 1079–80 (9th Cir. 2001). Recusal is not necessary when the cases in question are unrelated even if they involve the prosecution of the same defendant. *See, e.g.*, *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972).

## ANALYSIS

### A. Section § 455(a) does not require recusal.

Defendant contends that my recusal is required under Section § 455(a) because my position as U.S. Attorney for the District of Oregon during Defendant's prior prosecution would prompt a reasonable question in the mind of a well-informed person about my capacity for impartiality. ECF 51 at 11. Defendant relies primarily on two Seventh Circuit cases to support his argument. *United States v. Boyd*, 208 F.3d 638 (7th Cir. 2000); *United States v. Herrera-Valdez*, 826 F.3d 912 (7th Cir. 2016).[2] I note at the outset that neither case is binding precedent in the District of Oregon. Moreover, these cases are readily distinguishable from the present case.

---

[2] Defendant also cites to the First Circuit case *In re Bulger*, 710 F3d 42, 46 (1st Cir. 2013), in which Retired Associate Justice of the Supreme Court Souter, sitting by designation, wrote that "[t]he point under § 455(a) is not [the judge's] actual state of mind at a particular time, but the existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality in the course of the trial and its preliminaries." This simply reiterates that the test for disqualification under § 455(a) is an objective one. *See also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

PAGE 5 – OPINION AND ORDER

*Boyd* concerned the criminal trial of members of Chicago's El Rukn street gang. *Boyd*, 208 F.3d at 640–41. The presiding judge, Judge Zagel, had served previously as the head of the Illinois state police, which had been part of a task force that investigated the El Rukns and produced evidence leading to the indictment of the defendants. *Id.* at 646. In his role as director, Judge Zagel also made comments about the El Rukn gang at a press conference, which the court noted showed that he "had personal, extrajudicial knowledge" of the activities at issue in the eventual trial. *Id.* While the Seventh Circuit concluded that there may have been a "colorable" case for disqualification under § 455(a), an earlier appellate panel found that Judge Zagel's recusal was not required, and the court did not disturb that earlier finding. *Id.*

*Herrera-Valdez* is likewise inapposite. There, the judge presiding over the defendant's illegal reentry trial had previously served as District Counsel for Immigration and Naturalization Service ("INS") in the defendant's original deportation case. 826 F.3d at 918. The Seventh Circuit found that § 455(a) required the judge's recusal in large part because "the linchpin of [the defendant's] case [was] his collateral attack against the removal order." *Id.* at 919. The court noted that "[i]t is reasonable to perceive that a judge may consciously or unconsciously credit the government's arguments that a removal order is valid when that same judge headed the office that sought and succeeded in obtaining the removal order." *Id.* In the present case, by contrast, Defendant does not attempt to attack his prior conviction and I will not be required to make any factual findings regarding the prior conviction.

Unlike the cases cited by Defendant, my role in Defendant's prior conviction was purely supervisory and imparted no personal or extrajudicial knowledge of Defendant that would lead a reasonable person to question my impartiality. Defendant's prior conviction and sentencing took place over sixteen years ago during my tenure as U.S. Attorney. I left that position more than a

decade ago. I did not personally participate in the prior prosecution of Defendant and have no recollection of his prior case. The 2006 conviction resolved on a plea agreement. Based on all of these factors, I find that a reasonable person with all the facts would not question my impartiality in the present case. Thus, I need not recuse myself under § 455(a).

**B.  Section § 455(b)(3) does not require recusal.**

Defendant relies on two cases to support his position that my recusal from the present case is required under 28 U.S.C. § 455(b)(3): *United States v. Silver*, 245 F.3d 1075 (9th Cir. 2001) and *United States v. Outler*, 659 F.2d 1306 (5th Cir. 1981). Neither case supports Defendant's argument that recusal is required in the present situation.

In *Silver*, the Ninth Circuit considered whether recusal was warranted in a case against a defendant who was previously investigated during a judge's tenure as U.S. Attorney. 245 F.3d at 1079–80. The defendant was indicted for the previous offense after the judge was appointed to the federal bench, but the conviction was used for a sentencing enhancement in the new case before that judge. *Id.* at 1080. The Ninth Circuit concluded that recusal was not necessary, reciting several grounds. First, the new crimes were not related to the defendant's prior indictment. *Id.* at 1079–80. Second, the prior conviction was "used only, for purposes of sentencing, to enhance the instant offense"—the judge "was not asked to make any determinations or to render an opinion on the [prior] conviction." *Id.* at 1080. Third, the judge did not participate in the conviction of the defendant for the prior offense. *Id.* Fourth, there was more than a ten-year lapse between the prior investigation and the current indictment. *Id.* Finally, there was only a two-year overlap between the judge's service as U.S. Attorney during the initial phase of the investigation and the five-year investigation carried out against the defendant. The Ninth Circuit concluded that a consideration of these factors would not lead a reasonable person to question the judge's impartiality. *Id.*

PAGE 7 – OPINION AND ORDER

In *Outler*, the Fifth Circuit considered whether a magistrate who represented the government as an Assistant United States Attorney in the defendant's parole revocation hearing three years prior should have recused himself from issuing a search warrant of the defendant's medical practice in a controlled substances investigation. 659 F.2d at 1312. The Fifth Circuit determined that recusal was not required and that § 455(b)(3) was inapplicable because "[t]here was no connection between the defendant's probation revocation hearing in 1977 and the investigation of his medical practice in 1979" and no single fact or event common to both proceedings. *Id.* at 1313.

Defendant argues that his prior 2006 conviction requires my recusal in the present case because it was included as a predicate offense for Count Ten and as the basis for a sentence enhancement in the superseding indictment. ECF 51 at 3–5. I disagree. As in *Silver*, neither basis requires me to make any factual determinations or render an opinion on the prior conviction. The existence of Defendant's prior conviction alone is what is at issue in the present case. For the predicate offense, the only question is whether Defendant was convicted of a felony. And, for the sentencing enhancement, the only question is whether the existence of the conviction triggers enhanced penalties. Neither requires me to make factual findings about any of the conduct underlying Defendant's 2006 conviction.

Further, as I stated at the November 18, 2022 hearing on this motion, and reemphasize here, I have no personal bias or prejudice against Defendant. Nor do I have any personal recollection of Defendant or the facts underlying his prior 2006 conviction. Further, I have no knowledge of any disputed evidentiary facts. Finally, at the November 18, 2022 hearing, counsel for Defendant was unable to identify any examples of disputed evidentiary facts that I would be required to resolve. For all of these reasons, recusal is also not required under § 455(b)(3).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Recusal, ECF 51, is DENIED.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge